[NOT YET SCHEDULED FOR ORAL ARGUMENT]

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>Defendants-Appellants. | No. 25-8077 |

**CONSENT MOTION FOR A 30-DAY EXTENSION OF TIME TO FILE APPELLANT'S BRIEF**

Pursuant to Federal Rule of Appellate Procedure 26(b) and Ninth Circuit Rule 31-2.2(b), Defendants-Appellants respectfully request a 30-day extension of time, to and including February 25, 2026, in which to file its opening brief. Plaintiffs-Appellees consent to this motion.

In support of this motion, the government states the following:

**1.** The Personal Responsibility Education Program (PREP) and the Sexual Risk Avoidance Education grant program (SRAE), are grant programs created by Congress and administered by the Department of Health and Human Services (HHS). Both PREP and SRAE provide states

with funding that supports educational programming on adolescent development and sexual health. Plaintiffs are states (and the District of Columbia) that receive funding under PREP. Certain Plaintiffs also receive SRAE funding.

In August 2025, HHS informed recipients of PREP and SRAE funding that it was interpreting each program's authorizing statute to categorically forbid funding to curricula that include mentions of "gender ideology." HHS explained that each state's PREP and SRAE funding would now be conditioned on the removal of all "gender ideology content" from program materials.

**2.** Plaintiffs sued in the District of Oregon, asserting that HHS's interpretation of the PREP and SRAE statutes, and decision to condition funding under those programs on the removal of gender ideology content, was contrary to law, arbitrary and capricious, and violative of the Spending Clause and the separation of powers. Dkt. 1. The district court found that Plaintiffs are likely to succeed on the merits of their claims, and entered a preliminary injunction prohibiting HHS from enforcing (as to Plaintiffs) the August 2025 grant conditions, as well as any other "materially similar terms or conditions," including "any other terms or

conditions that require" removal of "gender ideology" or "gender identity references" from PREP and/or SRAE curricula. Dkt. 81.

**3.** The government's opening brief is due on January 26, 2026. There are no designated transcripts from the district court in this case.

**3.** The government respectfully requests a 30-day extension of time in which to file its opening brief, to and including February 25, 2026. The government has not requested any previous extensions of time in this appeal. The requested extension is necessary in light of intervening and upcoming appellate deadlines for which government counsel is responsible.

Gabriel I. Schonfeld has principal responsibility for preparing the government's filings in this case. Mr. Schonfeld also has responsibility for the following matters with impending deadlines: *Norwich Pharmaceuticals Co. v. Kennedy*, No. 25-5137 (D.C. Cir.) (supplemental brief due on January 23, 2026); *Hoffman v. WBI Energy Transmission, Inc.*, No. 25-159 (S. Ct.) (*amicus* brief forthcoming). Mr. Schonfeld has also during this time had certain non-public internal responsibilities in matters for which the Civil Division is responsible for supporting other components of the Justice Department, including the Office of the

Solicitor General. In addition, during the time allotted for drafting the government's brief, Mr. Schonfeld was traveling on leave for the Christmas holiday from December 26 through December 29, 2025, and will be traveling for previously scheduled personal leave from January 15 through January 19, 2026.

Daniel Tenny has supervisory responsibility for the government's filings in this case. Mr. Tenny also has supervisory responsibility for the following matters with impending deadlines: *United States v. State of Illinois*, No. 25-2904 (7th Cir.) (appellant's brief due January 22, 2026); *Frontier Airlines Inc. v. Transportation Security Administration*, No. 25-9523 (10th Cir.) (oral argument scheduled for January 22, 2026); *Philip Morris U.S. Inc. v. FDA*, No. 25-13863 (11th Cir.) (appellant's brief due January 22, 2026); *Norwich Pharmaceuticals Co. v. Kennedy*, No. 25-5137 (D.C. Cir.) (supplemental brief due on January 23, 2026); and *Vanda Pharmaceuticals v. FDA*, No. 25-1105 (D.C. Cir.) (appellee's brief due on January 28, 2026).

4. Pursuant to Circuit Rule 31-2.2(b)(5), the government represents that it has exercised diligence and that the brief will be filed within the time requested.

**5.** The government has contacted counsel for Plaintiffs, who have represented that Plaintiffs consent to this motion.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court extend the deadline for its opening brief by 30 days, so that the brief would be due on or before February 25, 2026.

Respectfully submitted,

DANIEL TENNY
 /s/ *Gabriel I. Schonfeld*
GABRIEL I. SCHONFELD
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7219*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-3306*

JANUARY 2026

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 690 words.

*/s/ Gabriel I. Schonfeld*
Gabriel I. Schonfeld

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                           */s/ Gabriel I. Schonfeld*
                                           Gabriel I. Schonfeld