**No. 25-8077**

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

STATE OF WASHINGTON, et al.,

Plaintiffs-Appellees,

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,

Defendants-Appellants.

On Appeal from the United States District Court for the District of Oregon

## REPLY BRIEF FOR APPELLANTS

*Of Counsel:*

EMILY CLAIRE MIMNAUGH
*Deputy General Counsel*

*U.S. Department of Health and Human Services*

BRETT A. SHUMATE
*Assistant Attorney General*

SCOTT E. BRADFORD
*United States Attorney*

DANIEL TENNY
GABRIEL I. SCHONFELD
*Attorneys, Appellate Staff*
*Civil Division, Room 7219*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-3306*

# TABLE OF CONTENTS

**Page**

ARGUMENT ...................................................................................1

Plaintiffs Do Not Dispute That The Preliminary Injunction Must
Be Vacated To the Extent it Goes Beyond the Policy
Challenged in Their Complaint .......................................................1

CONCLUSION ..................................................................................7

STATEMENT OF RELATED CASES

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases:**                                                                    **Page(s)**

*Federal Election Comm'n v. Furgatch,*
  869 F.2d 1256 (9th Cir. 1989) ..............................................................5

*Fortyune v. American Multi-Cinema, Inc.,*
  364 F.3d 1075 (9th Cir. 2004) ...........................................................3

*Monsanto Co. v. Geertson Seed Farms,*
  561 U.S. 139 (2010) ...................................................................... 1, 6

**Statutes:**

42 U.S.C. § 710(b)(3)(D) ........................................................................2

42 U.S.C. § 713(b)(2)(C)..........................................................................2

## ARGUMENT

The parties agree on the bottom line of this narrow appeal: that the preliminary injunction should be limited to terms and conditions that categorically forbid the inclusion of any gender content in PREP and/or SRAE curricula. They disagree only on whether the injunction is already so limited. This Court should modify—or at minimum authoritatively construe—the preliminary injunction along those lines.

**PLAINTIFFS DO NOT DISPUTE THAT THE PRELIMINARY INJUNCTION MUST BE VACATED TO THE EXTENT IT GOES BEYOND THE POLICY CHALLENGED IN THEIR COMPLAINT**

**1.** Plaintiffs do not contest the basic premise of this appeal—that as a matter of black-letter law, their "challenge [to] a particular agency order" cannot justify a "broad injunction . . . pre-empt[ing]" HHS's "hypothetical future . . . decision[s]" about "whether and how" it will exercise its authority to oversee PREP and SRAE curricula and enforce compliance with statutory requirements.[1] *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 159, 164 (2010) (explaining that when a court invalidates a specific challenged action, what comes next is "for the agency to decide"). In particular, plaintiffs do not suggest that it

---

[1] All acronyms and capitalized terms have the same meaning as in the government's opening brief.

would be appropriate for the district court to "prevent HHS from making reasoned determinations that specific lesson plans fail to meet statutory criteria or are medically inaccurate." Resp. Br. 2.

As explained in the government's opening brief, HHS had eminently reasonable grounds for concern that funding meant to "reduce adolescent rates of pregnancy and STIs, including HIV," ER-35, was being used to support programs addressed to various other ideologically charged topics. *See* Gov't Br. 18-20. Those concerns matter because HHS is entitled in the first instance to determine whether PREP and SRAE curricula are medically accurate, culturally appropriate, and limited to the topics that Congress authorized them to address. Gov't Br. 25. Plaintiffs do not contest the point in this Court, and appear to agree that the preliminary injunction should not prohibit HHS from addressing its concerns so long as the agency does so on a "case-by-case" basis. Resp. Br. 29.[2]

---

[2] Plaintiffs do, at times, appear to suggest that it would be appropriate to transform these adolescent health education programs into ones that address gender ideology through a historical, sociological, or legal lens by shoehorning those points into "adulthood preparation subjects," 42 U.S.C. § 713(b)(2)(C), or "[t]he foundational components of healthy relationships," *id.* § 710(b)(3)(D). *See* Resp. Br. 49-50. As

*Continued on next page.*

To a significant extent, then, the parties are in violent agreement. But although plaintiffs characterize the injunction as only applying to categorical "prohibitions on all content that references gender identity or gender-diverse youth," their description of the proper scope of the injunction includes various caveats about how HHS must act "in compliance with the statute" and may not "attempt an end-run around the preliminary injunction." Resp. Br. 2. Those caveats inject uncertainty, and call into doubt whether the injunction, even as plaintiffs understand it, can provide the requisite "fair and precisely drawn notice" of "what the injunction actually prohibits." *See Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1086-87 (9th Cir. 2004) (quotation marks omitted).

If the preliminary injunction had said clearly that it was limited to a categorical ban, the government would not have needed to bring this appeal. But the order prohibits HHS from "imposing or enforcing the Gender Conditions . . . or any materially similar terms or conditions . . . , *including any other terms or conditions that require*

---

discussed below, *infra* p. 7, any particularized disputes are not before the Court at this time; suffice it to say that Congress did not smuggle a wholesale transformation of these programs into these phrases.

*Plaintiff States to remove 'gender ideology*[]' . . . [*or*] *to remove gender identity references*" from their PREP and SRAE curricula. ER-80 (emphasis added). HHS has reasonable concerns that plaintiffs will construe a new action that has the effect of requiring the removal of gender ideology or a reference to gender identity as violative of this portion of the preliminary injunction, even if it does not rely on the categorical policy to which plaintiffs purport to limit their challenge. And plaintiffs' repeated insistence that the government's actions have been "pretextual," *see, e.g.*, Resp. Br. 24, merely underscores the potential for plaintiffs to argue that future actions that are not premised on that policy are nonetheless covered by the preliminary injunction.

In this unusual posture, the government is at a minimum entitled to clarity. Although plaintiffs insist that the preliminary injunction applies only to "*categorical* prohibition[s] of *all* references" to gender identity or gender ideology, Resp. Br. 28, the words "categorical" and "all" do not appear in the relevant portion of the order. And one of plaintiffs' cited authorities makes clear that an injunction may not stop at prohibiting "future violations . . . which are factually similar to . . .

4

past violations" without actually "specifying which factual similarities the district court regarded as relevant." *Federal Election Comm'n v. Furgatch*, 869 F.2d 1256, 1263-64 (9th Cir. 1989).

Thus, this Court should make clear that the preliminary injunction is limited to the type of categorical policy that plaintiffs challenge in this suit. It should do so either through an authoritative construction of the preliminary injunction or—preferably given the need for clarity—by modifying that order's terms. An injunction could, for example, be limited to the Gender Conditions themselves, as well as other terms and conditions that categorically prohibit any reference to gender identity or gender ideology in PREP and/or SRAE curricula. *See* Gov't Br. 2 n.1 (explaining that the Gender Conditions reflect HHS's view that "as a categorical matter Congress did not authorize PREP or SRAE funding for programs that contain gender ideology content").

To sum up: No party disputes that the injunction should not extend beyond prohibiting HHS from categorically "requir[ing] the removal of *all* [gender] content" and that HHS should otherwise "remain[] free to make case-by-case determinations particular to specific instructional materials." Resp. Br. 29. Accordingly, this Court

5

should modify the injunction in that fashion, or at an absolute minimum provide an authoritative construction to that effect. Either way there should be no question that the government is not subject to an overbroad injunction that improperly preempts HHS's future decisions about how to lawfully enforce PREP and SRAE program requirements. *See Monsanto*, 561 U.S. at 159, 164.

**2.** The Court need not address the remainder of plaintiffs' arguments to dispose of this appeal.

Contrary to plaintiffs' assertions, the government is not arguing that the district court abused its discretion to the extent it granted relief beyond "the particular instantiations of the Gender Conditions" that HHS had previously adopted. *See* Resp. Br. 26, 31-38. The point is not that a preliminary injunction may not prevent "the same policy [shown, in the district court's view, to be likely unlawful] from being effectuated . . . in a different guise," *see* Resp. Br. 35 (emphasis omitted), but rather that—as even plaintiffs' own caveats in their brief illustrate—the injunction entered here could at minimum chill different (and at this time purely hypothetical) policies as to which no court has concluded that such a showing has been made. The district court abused

6

its discretion to the extent it broadly "enjoined HHS from enforcing *any* terms and conditions that limit references to gender ideology in PREP and SRAE curricula." Gov't Br. 2.

Plaintiffs' extended defense of their merits arguments is likewise beside the point of this narrow appeal. *See* Resp. Br. 38-51. As the government has explained, at this time it is "appealing the breadth of the district court's preliminary injunction, rather than its underlying conclusion that plaintiffs are likely to succeed on the merits of their claim." Gov't Br. 2 n.1. Litigation on the merits of whether "as a categorical matter Congress did not authorize PREP or SRAE funding for programs that contain gender ideology content," *id.*, and other issues not presented in this appeal, is ongoing in the district court as the case proceeds past the preliminary-injunction stage to final judgment.

## CONCLUSION

For these reasons and those given in the government's opening brief, the preliminary injunction should be vacated or, at a minimum, clarified.

Respectfully submitted,

*Of Counsel:*

BRETT A. SHUMATE
 *Assistant Attorney General*

EMILY CLAIRE MIMNAUGH
*Deputy General Counsel*

SCOTT E. BRADFORD
 *United States Attorney*

*U.S. Department of Health and Human Services*

DANIEL TENNY

<u> s/ Gabriel I. Schonfeld </u>
GABRIEL I. SCHONFELD
 *Attorneys, Appellate Staff*
 *Civil Division, Room 7219*
 *U.S. Department of Justice*
 *950 Pennsylvania Avenue NW*
 *Washington, DC 20530*
 *(202) 514-3306*
 *gabriel.i.schonfeld@usdoj.gov*

June 2026

8

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, appellants state that they know of no related cases pending in this Court.

*s/ Gabriel I. Schonfeld*
GABRIEL I. SCHONFELD

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 1,375 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font, a proportionally spaced typeface.

*s/ Gabriel I. Schonfeld*
GABRIEL I. SCHONFELD