[ORAL ARGUMENT SCHEDULED SEPTEMBER 14, 2026]

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>Defendants-Appellants. | No. 25-8077 |

**JOINT MOTION TO POSTPONE ORAL ARGUMENT BASED ON POTENTIAL AGREEMENT TO RESOLVE ISSUES PRESENTED ON APPEAL**

Pursuant to Federal Rule of Appellate Procedure 34(b) and Ninth Circuit Rule 34-2, the parties respectfully request that the oral argument now scheduled for September 14, 2026, be postponed to permit the parties to reach an agreed resolution of the narrow issues presented in this interlocutory appeal.

**1.** The Personal Responsibility Education Program (PREP) and Sexual Risk Avoidance Education program (SRAE), are grant programs created by Congress and administered by the Department of Health and

Human Services (HHS). Both PREP and SRAE provide states with funding for educational programming on adolescent development and sexual health. Plaintiffs are states (and the District of Columbia) that receive funding under PREP. Certain plaintiffs also receive SRAE funding.

In August 2025, HHS informed recipients of PREP and SRAE funding that it was interpreting each program's authorizing statute to categorically forbid funding curricula that include mentions of "gender ideology." HHS stated that each state's PREP and SRAE funding would now be conditioned on the removal of all "gender ideology content" from program materials. These "Gender Conditions" were communicated to grant recipients by letter and were incorporated into the terms and conditions governing each PREP and SRAE grant.

**2.** Plaintiffs sued in the District of Oregon, asserting that HHS's adoption of the Gender Conditions was contrary to law, arbitrary and capricious, and violative of the Spending Clause and separation of powers. The district court found that plaintiffs are likely to succeed on the merits of their claims. It entered a preliminary injunction that, as relevant here, prohibits HHS from enforcing the Gender Conditions as

well as any other "materially similar terms or conditions . . . , including any other terms or conditions that require [plaintiffs] to remove 'gender ideology' . . . from their PREP and SRAE curricula or that require [plaintiffs] to remove gender identity references from that curricula." ER-80.

**3.** On appeal, the parties primarily dispute what conduct is covered by the preliminary injunction. In the government's view, the preliminary injunction is overbroad because it flatly prohibits HHS from requiring the removal of gender content from PREP and SRAE curricula, even if the agency does so on a case-by-case basis rather than by applying the type of categorical policy embodied by the Gender Conditions. Gov't Br. 21-24, 26-27; Reply Br. 3-5. Plaintiffs argue that the government is misreading the preliminary injunction, which plaintiffs assert covers only policies that are "materially similar" to the Gender Conditions insofar as they enforce a "*categorical* prohibition of *all*" gender content. Resp. Br. 28-31. The government has asked this Court to provide "cl[arity] that the preliminary injunction is limited to the type of categorical policy that plaintiffs challenge in this suit." Reply Br. 4-5.

**4.** Based on the present posture of this appeal, the parties agree in principle that a ruling from this Court would not be necessary if the text of the preliminary injunction were modified in a mutually agreeable way.

**5.** Based on that shared understanding, the parties have made significant progress in negotiating agreed text that, if adopted by the district court on remand, would resolve the narrow dispute currently before this Court regarding the scope of the preliminary injunction. *See* Fed. R. App. P. 12.1; Fed. R. Civ. P. 62.1.[1]

**6.** Good cause exists to postpone oral argument. Postponement would permit the parties to continue their productive discussions, and to seek appropriate relief here and in the district court to implement any agreement that is ultimately reached. Allowing additional time for the parties to reach a negotiated resolution will conserve judicial and party resources that would otherwise be spent preparing for and conducting

[1] The parties have not discussed, and do not anticipate discussing, any agreement that would resolve the case as a whole or otherwise obviate the need for the district court to decide the parties' pending cross-motions for summary judgment on the merits of plaintiffs' claims.

argument, as well as judicial resources that would otherwise be expended on deliberation and decision of this appeal.

**7.** The parties will promptly inform this Court of future developments. If the parties reach agreement, they anticipate requesting a remand to permit the district court to modify the preliminary injunction. If they are unable to reach agreement within a reasonable time, the parties will file an appropriate motion to govern further proceedings in this Court.

## CONCLUSION

For these reasons, the parties respectfully request that the oral argument now set for September 14, 2026, be postponed pending further order of the Court.

Respectfully submitted,

DANIEL TENNY
/s/ *Gabriel I. Schonfeld*
GABRIEL I. SCHONFELD
Attorneys, Appellate Staff
Civil Division, Room 7219
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 514-3306

[*Additional Counsel on Following Pages*]

NICHOLAS W. BROWN
Attorney General

*s/ Molly Powell*
WILLIAM MCGINTY
KELLY PARADIS
Deputy Solicitors General
LUCY WOLF
ALEXIA DIORIO
MOLLY POWELL
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
william.mcginty@atg.wa.gov
kelly.paradis@atg.wa.gov
lucy.wolf@atg.wa.gov
alexia.diorio@atg.wa.gov
molly.powell@atg.wa.gov

Counsel for State of Washington

DAN RAYFIELD
Attorney General of Oregon

ROBERT A. KOCH
GREG ALLEN RIOS
1162 Court Street, NE
Salem, OR 97301
971-673-1880
Gregory.A.Rios@doj.oregon.gov
Robert.A.Koch@doj.oregon.gov
Counsel for State of Oregon

KEITH ELLISON
Attorney General of Minnesota

LINDSEY E. MIDDLECAMP
Office of the Minnesota Attorney General
445 Minnesota St., Suite 600
St. Paul, MN 55101
651-300-0711
lindsey.middlecamp@ag.state.mn.us
Counsel for State of Minnesota

PHILIP J. WEISER
Attorney General of Colorado

DAVID MOSKOWITZ
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
720-508-6086
david.moskowitz@coag.gov
Counsel for State of Colorado

WILLIAM TONG
Attorney General of Connecticut

ANDREW M. AMMIRATI
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
860-808-5090
Andrew.Ammirati@ct.gov
Counsel for State of Connecticut

KATHLEEN JENNINGS
Attorney General of Delaware

VANESSA L. KASSAB
Deputy Attorney General
Delaware Department of Justice

820 N. French Street
Wilmington, DE 19801
302-683-8899
vanessa.kassab@delaware.gov
Counsel for State of Delaware

BRIAN L. SCHWALB
Attorney General of District of Columbia

SARAH W. CARROLL
CAROLINE S. VAN ZILE
400 6th Street, NW, Suite 10100
Washington, D.C. 20001
202-735-6637
sarah.carroll@dc.gov
caroline.vanzile@dc.gov
Counsel for District of Columbia

ANNE E. LOPEZ
Attorney General of Hawaiʻi

DAVID D. DAY
Deputy Attorney General
KALIKOʻONĀLANI D. FERNANDES
Deputy Solicitor General
425 Queen Street
Honolulu, HI 96813
808-586-1360
david.d.day@hawaii.gov
kaliko.d.fernandes@hawaii.gov
Counsel for State of Hawaiʻi

KWAME RAOUL
Attorney General of Illinois

SARAH A. HUNGER

115 S. LaSalle Street
Chicago, IL 60603
312-814-3000
sarah.hunger@ilag.gov
Counsel for State of Illinois

AARON M. FREY
Attorney General of Maine

SARAH FORSTER
Assistant Attorney General
111 Sewall Street, 6th Floor
6 State House Station
Augusta, ME 04333-0006
207-626-8800
sarah.forester@maine.gov
Counsel for State of Maine

ANTHONY G. BROWN
Attorney General of Maryland

LAUREN GORODETSKY
Assistant Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
410-576-7057
lgorodetsky@oag.state.md.us
Counsel for State of Maryland

ANDREA JOY CAMPBELL
Attorney General of Massachusetts

ALLYSON SLATER
Director, Reproductive Justice Unit
1 Ashburton Place, 20th Floor
Boston, MA 02108
617-727-2200
allyson.slater@mass.gov

morgan.carmen@mass.gov
Counsel for Commonwealth of Massachusetts

DANA NESSEL
Attorney General of Michigan

NEIL GIOVANATTI
DANIEL JOHN PING
Assistant Attorneys General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
517-335-7603
GiovanattiN@michigan.gov
PingD@michigan.gov
Counsel for State of Michigan

JENNIFER DAVENPORT
Attorney General of New Jersey

GEOFFREY MCGEE
Deputy Attorney General
25 Market Street, 8th Floor
Trenton, NJ 08625
609-696-5279
Geoffrey.McGee@law.njoag.gov
Counsel for State of New Jersey

LETITIA JAMES
Attorney General of New York

GALEN LEIGH SHERWIN
Special Counsel for Reproductive Justice
28 Liberty Street
New York, NY 10005

212-426-5667
galen.sherwin@ag.ny.gov
Counsel for State of New York

PETER F. NERONHA
Attorney General of Rhode Island
State of Rhode Island

RILEY M. O'BRIEN
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
401-274-4400
robrien@riag.ri.gov
Counsel for State of Rhode Island

JOSHUA L. KAUL
Attorney General of Wisconsin

AARON J. BIBB
Assistant Attorney General
Wisconsin Department of Justice
PO Box 7857
Madison, WI 53707-7857
608-266-0810
aaron.bibb@wisdoj.gov
Counsel for State of Wisconsin

AUGUST 2026

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 743 words.

*/s/ Gabriel I. Schonfeld*
Gabriel I. Schonfeld

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Gabriel I. Schonfeld*
Gabriel I. Schonfeld